**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JIMMY SHANE CANTRELL, ADC # 98730**                    **PLAINTIFF**

**V.**                    **CASE NO. 5:11CV00289 JMM/BD**

**JOHNNIE E. HUDSON,** *et al.*                    **DEFENDANTS**


<u>**ORDER**</u>

Jimmy Shane Cantrell, an Arkansas Department of Correction inmate, filed this

lawsuit pro se under 42 U.S.C. § 1983.  In his amended complaint, Mr. Cantrell claims

that Defendants Hudson, Smart, and Skinner retaliated against him for exercising his

constitutional rights.  Based on these allegations, the Court previously determined that

Mr. Cantrell had stated a first amendment claim against each of these Defendants and

ordered that these Defendants be served.

Mr. Cantrell also claims that Defendants Hudson, Smart, and Skinner violated his

fifth and fourteenth amendment rights, but he fails to provide any factual support for

these claims.  Although he alleges that these Defendants failed to collect witness

statements or provide him written notification of the outcome of his disciplinary hearings,

he fails to identify any liberty interest that was implicated.  *Sandin v. Conner*, 515 U.S.

472, 487 (1995).  Without an underlying liberty interest, Mr. Cantrell's due process claim

fails.  Accordingly, these claims also must be dismissed.

In addition to suing Defendants Hudson, Smart, and Skinner, Mr. Cantrell has sued

Defendants Hobbs, Naylor, Burl, Gibson, and Doe Defendants.  However, he has made

no allegations against these Defendants.  For this reason, these Defendants must be

dismissed.  *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under

section 1983 requires a causal link to, and direct responsibility for, the deprivation of

rights. To establish personal liability of the supervisory defendants, [the plaintiff] must

allege specific facts of personal involvement in, or direct responsibility for, a deprivation

of his constitutional rights") (internal quotation marks and citation omitted).

Accordingly, Mr. Cantrell's claims against Defendants Hobbs, Naylor, Burl,

Gibson, and the Doe Defendants are DISMISSED, without prejudice, and that these

Defendants are DISMISSED from this lawsuit.  Mr. Cantrell's claims that Defendants

Hudson, Smart, and Skinner violated his fifth and fourteenth amendment rights are also

DISMISSED, without prejudice.  Mr. Cantrell has stated a first amendment claim against

Defendants Hudson, Smart, and Skinner and the Court has previously ordered that these

Defendants be served.

DATED this  _9_  day of February, 2012.


_____
UNITED STATES DISTRICT JUDGE