**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JIMMY SHANE CANTRELL, ADC # 98730**                                         **PLAINTIFF**

V.                             **CASE NO. 5:11CV00289 JMM/BD**

**JOHNNIE E. HUDSON,** *et al.*                                                        **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail all objections and any "statement of necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II.   Background:

Jimmy Shane Cantrell filed this lawsuit pro se under 42 U.S.C. § 1983. (Docket entry #2, #3) Based on the allegations in Mr. Cantrell's amended complaint, the Court determined that he had stated a retaliation claim against Defendants Hudson, Smart, and Skinner. The Court dismissed the remaining claims and parties. (#11)

Defendants Hudson, Smart, and Skinner have now moved for summary judgment, arguing that Mr. Cantrell's claims against them should be dismissed because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). They also contend that Mr. Cantrell's claims fail as a matter of law, and that they are entitled to qualified immunity. Mr. Cantrell has now responded to the motion, and the Defendants have replied. (#53 and #54)

Based on the evidence presented, Mr. Cantrell's claims should be DISMISSED, without prejudice, for failure to exhaust his administrative remedies.

## III.  Discussion:

### A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact.

FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When a plaintiff cannot come forward with enough evidence to establish a necessary element of his claim, the moving party is entitled to judgment as a matter of law on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

    B.    Exhaustion

Prisoners who want to file a lawsuit under 42 U.S.C. § 1983 must first exhaust all "available" remedies. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). And a prisoner is not excused from exhausting his administrative remedies because he subjectively believes that there is no point in utilizing the grievance process. *Lyon v. Vande Krol*, 305 F.3d 806, 808–09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert.

denied 531 U.S. 1156 (2001). If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss all claims that have not been exhausted. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, supra at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001). That is not the case here.

The ADC grievance procure requires an inmate to first file an informal resolution. (#27-2 at p.4) If the inmate is not satisfied with the response to the informal resolution, he may then file a formal grievance with the warden. (#27-2 at pp.6-7) After receiving the warden's response, if the inmate disagrees with the warden's decision, he must appeal an unfavorable decision to the deputy director of the ADC if he wants to pursue the matter. (#27-2 at p.8) Then the inmate must appeal the warden's decision to the deputy director in order to fully exhaust his administrative remedies.

Here, it is undisputed that Mr. Cantrell filed six grievances identifying either Defendant Smart, Hudson, or Skinner, JC 08-326, JC 08-327, JC 08-333, JC 08-336, JC 08-337, and JC 08-338. (#27-3) It is also undisputed that Mr. Cantrell failed to appeal any of the warden's decisions on those grievances to the deputy director of the ADC. (#27-3)

Mr. Cantrell has not come forward with any evidence to rebut the Defendants' evidence showing that the claims raised in this lawsuit were not fully exhausted. In his response to the Defendants' summary judgment motion, Mr. Cantrell argues that he should be excused from fully exhausting his administrative remedies for three reasons: (1) the Defendants' retaliatory acts or omissions constitute affirmative misconduct that precludes them from asserting the defense of failure-to-exhaust under the principles of equitable estoppel; (2) the Defendants failed to provide Mr. Cantrell with transcripts of his disciplinary hearings and prohibited him from appealing his disciplinary convictions; and (3) ADC procedure limits the number of grievances an inmate can file in a week.

Mr. Cantrell's argument that Defendants should be "estopped" from asserting the affirmative defense of exhaustion misses the mark. He alleges that "the retaliatory conduct of each defendants chilled my speech" and implies that he feared that the Defendants would continue to retaliate against him if he pursued his administrative remedies. But subjective beliefs do not excuse Mr. Cantrell's failure to complete the grievance process. *Taylor v. Banks*, 2007 WL 1791233 at *1 (E.D. Ark. June 13, 2007) (dismissing complaint of plaintiff who argued that he could not exhaust his administrative remedies due to fear of retaliation).

Here, it is undisputed that Mr. Cantrell had already completed the first two steps of the grievance process. So his claim that an appeal of the warden's decision on the grievance would be met with additional retaliation is speculative at best. Moreover, it

strains logic to conclude that Mr. Cantrell's speech was actually chilled given that he did complete the first two steps of the grievance process with regard to the six grievances at issue in this lawsuit and has filed over three hundred grievances since being incarcerated. (#27-4)

Further, it is irrelevant whether the Defendants failed to provide Mr. Cantrell copies of his disciplinary hearing transcripts or whether he was permitted to appeal his disciplinary convictions. The PLRA mandates full compliance with the prison's <u>grievance</u> procedure. The ADC has a three-step grievance procedure and it is undisputed that Mr. Cantrell failed to complete the process. His reliance on the Defendants' involvement in his disciplinary hearings and convictions is misplaced.

Finally, the ADC's policy prohibiting an inmate from filing an unlimited number of grievances per week does not excuse Mr. Cantrell from exhausting his administrative remedies in this case. He was permitted to file a formal grievance against each of the named Defendants. Accordingly, the ADC's failure to process another grievance submitted by Mr. Cantrell raising the same claims at issue in this lawsuit is irrelevant and cannot excuse the failure to fully exhaust administrative remedies.

## IV.   Conclusion:

Because the undisputed evidence shows that Mr. Cantrell did not fully exhaust a grievance against Defendants Smart, Hudson, or Skinner, the Court recommends that

their motion for summary judgment (#25) be GRANTED and that Mr. Cantrell's claims be DISMISSED, without prejudice.

DATED this 31st day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE